IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE |
| v. | ) | |
| | ) | |
| TAURUS PT111 G2 PISTOL, 9 CALIBER, | ) | |
| SERIAL NUMBER: TLN17929, SEIZED | ) | |
| BY ATF IN CLEVELAND, OHIO, ON | ) | |
| JULY 5, 2018, | ) | |
| | ) | |
| Defendant. | ) | **COMPLAINT IN FORFEITURE** |

NOW COMES plaintiff, the United States of America, by Justin E. Herdman, United States Attorney for the Northern District of Ohio, and James L. Morford, Assistant U.S. Attorney, and files this Complaint in Forfeiture, respectfully alleging as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

JURISDICTION AND INTRODUCTION

1.      This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. Section 1345, and over an action for forfeiture under 28 U.S.C. Section 1355(a). This Court also has jurisdiction over this particular action under 18 U.S.C. Section 924(d)(1).

2.      This Court has *in rem* jurisdiction over the defendant firearm pursuant to: (i) 28 U.S.C. Section 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this district;

and, (ii) 28 U.S.C. Section 1355(b)(1)(B), incorporating 28 U.S.C. Section 1395, because the action accrued in this district and the defendant firearm is found in this district.

3.     Venue is proper in this district pursuant to: (i) 28 U.S.C. Section 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this district; and, (ii) 28 U.S.C. Section 1395 because the action accrued in this district and the defendant firearm is found in this district.

4.     This Court will have control over the defendant firearm through service of an arrest warrant *in rem*, which the Bureau of Alcohol, Tobacco, Firearms and Explosives will execute upon the defendant firearm.  *See*, Supplemental Rule G(3)(b) and G(3)(c).

5.     On July 5, 2018, the defendant firearm was seized from Terry Caston pursuant to the execution of a consent search of his vehicle.  Particularly, Caston's vehicle was parked on United States Postal Service property located at 2400 Orange Avenue, Cleveland, Ohio.  The (loaded) firearm – along with an amount of marijuana - was recovered from inside the vehicle.

6.     The defendant firearm is now in the custody of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF).

7.     The ATF commenced an administrative forfeiture proceeding against the defendant firearm.  A claim to the defendant firearm was submitted in the administrative forfeiture proceeding by Terry Caston, thereby requiring the filing of the instant judicial forfeiture action.

8.     The defendant firearm is subject to forfeiture to the United States under 18 U.S.C. Section 924(d)(1) in that it was involved in or used in a knowing violation(s) of 18 U.S.C. Section 922(g)(2) and/or 18 U.S.C. Section 922(g)(3).

9.      Section 922(g)(2) makes it unlawful for any person "who is a fugitive from justice
. . . to . . . possess in or affecting commerce, any firearm or ammunition; or to receive any
firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

10.     Section 922(g)(3) makes it unlawful for any person "who is an unlawful user of . .
. any controlled substance . . . to . . . possess in or affecting commerce, any firearm or
ammunition; or to receive any firearm or ammunition which has been shipped or transported in
interstate or foreign commerce."

**DESCRIPTION OF THE DEFENDANT FIREARM**

11.     The following property is the defendant firearm in the instant case.  The defendant
firearm is operable and was manufactured outside of the United States:

•       Taurus PT111 G2 pistol, 9 caliber, serial number: TLN17929.

**FORFEITURE**

12.     On June 23, 2017 - while on patrol of I-80 eastbound in the area of Knowlton
Township, Warren County, New Jersey (approximately five (5) miles from the Pennsylvania
border) – a New Jersey State Police trooper conducted a motor vehicle stop of a 2016 Honda
Civic, bearing an Ohio registration, for a moving violation.

13.     The trooper approached the vehicle from the passenger's side, identified himself,
and requested the driver's license and vehicle registration.  While interacting with the driver –
later identified as Terry Caston – the trooper immediately detected the odor of raw marijuana
emanating from the interior of the vehicle.

14.     At this time, another trooper arrived on scene to assist.

15.     The passenger – a female – was asked to exit the vehicle.  She was escorted to the
front of the trooper's vehicle, placed under arrest, and advised of her *Miranda* rights.  The

3

trooper asked the passenger if there were any concealed drugs on her person or in the vehicle. She stated there was a small amount of marijuana in the center console. The trooper asked her who the marijuana belonged to, and she stated "It's both of ours".

16.    The driver – Terry Caston – was then asked to exit the vehicle. He was escorted to the front of the trooper's vehicle and placed under arrest.

17.    At this time, three (3) additional New Jersey State Police personnel arrived on scene to assist. A probable cause search of the 2016 Honda Civic was conducted and the following items were recovered:

    a.)    clear plastic bag containing marijuana.

    b.)    one (1) partially burnt marijuana cigarette.

    c.)    three (3) "Game" cigars commonly used for smoking marijuana.

18.    Caston and the passenger were transported to the New Jersey State Police station for further processing.

19.    Caston was fingerprinted/photographed and was issued Complaint–Summons No. 2113-S-2017-000053, which charged as follows:

    a.)    possession of marijuana under 50 grams, in violation of N.J.S. 2C:35-10A(4).

    b.)    possession of paraphernalia, in violation of N.J.S. 2C:36-2.

20.    Complaint-Summons No. 2113-S-2017-000053 was personally served on Caston. In pertinent part, the document stated:

SUMMONS

YOU ARE HEREBY SUMMONED to appear before the Municipal Court in the county of: WARREN at the following address: KNOWLTON TWP MUNICIPAL COURT, 628 RT 94, COLUMBIA, NJ 07832-0000. If you fail to appear on the date and time stated below, a warrant may be issued for your arrest. Date of Arrest: 06/23/2017. Appearance Date: 07/12/2017. Time: 09:00AM. Phone: 908-496-4131.

4

21.     Caston failed to appear before the Knowlton Twp. Municipal Court on July 12, 2017, and a warrant for his arrest was issued by the court on July 28, 2017.

22.     A copy of the warrant for his arrest was mailed by the court to Caston by regular U.S. mail.

23.     On April 28, 2018, Caston initiated the purchase of the defendant firearm from Gun Brothers LLC, a Federal Firearms Licensee (FFL), at the Berea Gun Show.  In connection with the intended purchase, Caston completed a Firearms Transaction Record, ATF Form 4473. The FFL then submitted the information to the National Instant Criminal Background Check System (NICS) to determine if Caston was eligible to purchase the firearm.

24.     Because of a need to further investigate Caston's criminal history, the NICS center [immediately] notified the FFL that its response would be delayed.

25.     On or about May 4, 2018, the NICS center responded to the FFL with a notice advising it that Caston was ineligible to obtain a firearm.  However, by the date of this response, more than three (3) days had elapsed since the FFL had submitted Caston's information to the NICS center and the transfer of the defendant firearm by the FFL to Caston had been completed.

26.     Between May 9, 2018 and May 16, 2018, ATF Special Agents attempted to contact Caston – without success – at his residence, at the residence of his mother, and by telephone.

27.     ATF Special Agents learned that Caston is an employee of the United States Postal Service.  On May 16, 2018, an ATF Special Agent contacted a U.S. Postal Inspector by telephone.  The U.S. Postal Inspector stated that Caston is employed as a mail clerk and that he was scheduled to work on May 16, 2018, from 1:45 p.m. until 12:00 a.m.

28.     At approximately 1:41 p.m. on May 16, 2018, an ATF Special Agent successfully contacted Caston by telephone.  The Special Agent indicated that he (Caston) had recently purchased a firearm and asked when they could meet.  Caston stated to the Special Agent that he (Caston) was out of town and would not be home for a few days.

29.     At approximately 2:20 p.m. on May 16, 2018, ATF Special Agents contacted Caston at the United States Postal Service building located at 2400 Orange Avenue, Cleveland, Ohio.  A Special Agent informed Caston that he was prohibited from receiving or possessing a firearm or ammunition.  The Special Agent then asked Caston if he knew why he was unable to possess a firearm or ammunition.  Caston informed the agents that he did not know why.  The Special Agent asked Caston what happened in New Jersey.  Caston informed the agents that he was caught with marijuana.  The Special Agent then made reference to the active bench warrant for Caston, for a failure to appear.

30.     The Special Agent asked Caston "where the firearm was that he recently purchased."  Caston informed the agents that the firearm was at his brother's house.  The Special Agent provided Caston with a Warning Notice Of Prohibited Firearm Transaction Letter.

31.     The Special Agent asked Caston when agents could retrieve the firearm.  Caston informed the agents that he is off on the weekends.  The Special Agent informed Caston that agents would meet him at his (Caston's) residence on May 19, 2018, at 11:00 a.m. to retrieve the firearm.

32.     On May 19, 2018, ATF Special Agents attempted to contact Caston at his residence, with negative results.

33.     On May 29, 2018, an ATF Special Agent sent the following text message to Caston:

6

> Good Afternoon Mr. Caston, I have called you several times.  If you could please call me back.  I need closure on this.  I talked with my boss, and there might be other options for you, so you do not take a total financial loss for the firearm. Please call me.

34.    On May 30, 2018, the following text messages were exchanged between an ATF

Special Agent and Caston:

> **ATF Special Agent**:  Good Afternoon Mr. Caston, can you please give me a call or respond by text.

> **Caston:**  Good afternoon. . might be other options?

> **ATF Special Agent**:  There is a potential possibility to transfer the firearm to a third party (individual cannot be prohibited, cannot live in same household, has to reside in Ohio), or potential possibility to sell the firearm back to the FFL.

> **ATF Special Agent**:  If you wished to transfer the firearm to a third party, we would need that individual's information, so we can verify they are not prohibited.

> **ATF Special Agent**:  Are you still in current possession of the firearm?

35.    Between June 5, 2018 and July 5, 2018, ATF Special Agents attempted to contact

Caston – without success – at his residence, by telephone and by text.

36.    On July 5, 2018, ATF Special Agents contacted the U.S. Postal Inspector referred

to in paragraph 27, above.

37.    The U.S. Postal Inspector arranged for Caston to meet with her (the postal

inspector) and the agents at the United States Postal Service building located at 2400 Orange

Avenue, Cleveland, Ohio.

38.    At approximately 2:46 p.m. on July 5, 2018, the Postal Inspector reviewed a

USPIS Consent to Search form with Caston.  The Postal Inspector informed Caston that the

Consent to Search form was for his (Caston's) vehicle, which was parked on government (postal

service) property.  Caston acknowledged and signed the Consent to Search form.

39.     At this point, the Postal Inspector asked Caston if the [defendant] firearm was inside his vehicle.  Caston stated that it was in the center console.

40.     Pursuant to the execution of the consent search of Caston's vehicle, the defendant firearm was located in the center console.  Additionally, an amount of marijuana also was recovered from inside the vehicle.

41.     At the time of its seizure, the defendant firearm was loaded.

42.     Among other things - as a result of the events of July 5, 2018 - Caston was issued United States District Court Violation Notice 6645253 (in possession of a firearm on postal property) and Violation Notice 6645254 (in possession of a controlled substance in personal vehicle on postal property).

43.     Violation Notice 6645253 and Violation Notice 6645254 were assigned N.D. Ohio Case No. 1:18-po-118 (Magistrate Judge Jonathan D. Greenberg).  The case was titled *United States of America vs. Caston*.

44.     The district court disposition of Violation Notice 6645253 and Violation Notice 6645254 was as follows:

**Violation Notice 6645253** ("firearms and weapons")

        Plea Agreement (PF) – Total Amount Due: $285.00.

**Violation Notice 6645254** ("controlled substance – possession")

        Plea Agreement (PF) – Total Amount Due: $85.00

### CONCLUSION

45.     By reason of the foregoing, the defendant firearm is subject to forfeiture to the United States under 18 U.S.C. § 924(d)(1) in that it was involved in or used in a knowing violation of 18 U.S.C. § 922(g)(2) (fugitive from justice).

46.     By reason of the foregoing, the defendant firearm also is subject to forfeiture to the United States under 18 U.S.C. § 924(d)(1) in that it was involved in or used in a knowing violation of 18 U.S.C. § 922(g)(3) (unlawful user of any controlled substance).

WHEREFORE, plaintiff, the United States of America, respectfully requests that this Court enter judgment condemning the defendant firearm and forfeiting it to the United States, and providing that the defendant firearm be delivered into the custody of the United States for disposition according to law, and for such other relief as this Court may deem proper.

Respectfully submitted,

Justin E. Herdman
U.S. Attorney, Northern District of Ohio

By:

James L. Morford (Ohio: 0005657)
Assistant United States Attorney, N.D. Ohio
Carl B. Stokes U.S. Court House
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113
216.622.3743 / Fax: 216.522.7499
James.Morford@usdoj.gov

## VERIFICATION

STATE OF OHIO         )
                             ) SS.
COUNTY OF CUYAHOGA  )

I, James L. Morford, under penalty of perjury, depose and say that I am an Assistant United States Attorney for the Northern District of Ohio, and the attorney for the plaintiff in the within entitled action.  The foregoing Complaint in Forfeiture is based upon information officially provided to me and, to my knowledge and belief, is true and correct.

_____
James L. Morford (Ohio: 0005657)
Assistant United States Attorney, N.D. Ohio

Sworn to and subscribed in my presence this ___3rd___ day of December, 2018.

_____
Notary Public

DANIEL R. RANKE, Attorney At Law
Notary Public - State of Ohio
My commission has no expiration date.
Section 147.03 O. R. C.

10